This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Eddie Jordan, has appealed from his convictions by the Summit County Court of Common Pleas for possession of cocaine and tampering with evidence. We affirm.
On February 29, 2000, Defendant was indicted on one count of possession of cocaine, in violation of R.C. 2925.11(A); and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1). On March 15, 2000, Defendant moved to suppress all evidence obtained during the course of the stop and search that occurred on February 17, 2000. A hearing was held on the motion. On May 12, 2000, the trial court denied Defendant's motion to suppress. On August 2, 2000, Defendant pled no contest to both charges and was sentenced accordingly. Defendant filed a timely appeal to this Court, however, on December 15, 2000, said appeal was dismissed after Defendant failed to file an appellate brief. On January 3, 2001, upon the alleged request of Defendant, the trial court permitted Defendant to withdraw his previous no contest plea.[1] On January 19, 2001, Defendant either pled no contest or guilty to all charges.[2] Defendant appealed and raised three assignments of error for review. Because all of Defendant's claims are barred by res judicata, they will not be considered.
In the present appeal, Defendant has appealed only issues with regard to the denial of his motion to suppress. The Ohio Supreme Court has held:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
 State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Accordingly, all issues that were or could have been raised in Defendant's first appeal are barred from being raised in subsequent appeals. Since Defendant could have raised the denial of his motion to suppress in his first appeal, he is barred from raising error relating to his motion to suppress in this appeal.
Defendant's first, second, and third assignments of error are overruled as barred by res judicata and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _____________________________________ LYNN C. SLABY
BATCHELDER, P.J., WHITMORE, J. CONCUR.
[1] While the trial court indicates in its order that Defendant requested that he be permitted to withdraw his guilty plea, there is no motion to withdraw his guilty plea in the file.
Due to the disposition of this case, this Court expresses no opinion as to whether or not the trial court had jurisdiction to entertain a motion to withdraw a no contest plea following this Court's disposition of Defendant's first appeal.
[2] This Court notes that the order by the trial court first states that Defendant pled no contest to the charges and then later states that he pled guilty to the charges. Due to the disposition of this case, this Court will not make a determination as to the true nature of this plea.